UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>CLOUD ACADEMY, INC.,<br><br>Defendant. | Case No. 24-cv-01393-SI<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING AND RESCHEDULING HEARING TO MAY 31, 2024 AT 10 AM** |

Defendant's motion to dismiss, or in the alternative, to transfer plaintiff's case to Texas, is scheduled for a hearing on May 3, 2024. Defendant contends that this Court lacks personal jurisdiction over Cloud Academy; that the laws of Texas, not California, apply to this case; that the Northern District of California is an improper venue; and that even if this Court has jurisdiction and venue is proper, the case should be transferred to the Western District of Texas.

On April 12, 2024, plaintiff filed an opposition brief and supporting declarations. Attached to Summers' declaration at Exhibit 1 is a June 23, 2021 employment offer letter that Summers received from Cloud Academy. That letter was signed by both Summers and Cloud Academy's CEO, Stefano Bellasio, and that letter states, *inter alia*,

> In the event of any dispute or claim relating to or arising out of our employment relationship, you and the Company agree that (i) any and all disputes between you and the Company shall be fully and finally resolved by binding arbitration, (ii) you are waiving any and all rights to a jury trial but all court remedies will be available in arbitration, (iii) all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion, and (iv) the arbitration shall provide for adequate discovery.

Summer Decl. Ex. 1 (Dkt. No. 13-2).

Neither defendant's motion nor plaintiff's opposition address the issue of arbitration. The Court directs the parties to file supplemental briefing on the question of whether, assuming that this Court has personal jurisdiction over plaintiff's claims against Cloud Academy, those claims are

subject to arbitration.  The Court sets the following new briefing and hearing schedule:  defendant shall file a reply brief of up to 25 pages (addressing arbitration and the other issues raised by the motion) by **May 3, 2024**, and plaintiff shall file a sur-reply of no more than 10 pages limited to the arbitration question by **May 17, 2024**.  The Court reschedules the hearing on defendant's motion to **May 31, 2024 at 10 a.m. via zoom**.

**IT IS SO ORDERED**.

Dated: April 16, 2024

SUSAN ILLSTON
United States District Judge